IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:06-CR-199 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **PETER DIAZ (14),** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Defendant Peter Diaz was sentenced to 125 months' imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine. Diaz moves, ostensibly under Federal Rule of Civil Procedure 60(b), for a corrected sentence. (Doc. 1932). Because Diaz's *pro se* motion is really a second or successive motion under 28 U.S.C. § 2255, and because he has not obtained the requisite authorization from the court of appeals, we will dismiss the motion for lack of jurisdiction.

**I.    Factual Background & Procedural History**

In 2007, a grand jury returned an eight-count superseding indictment against more than two dozen defendants. (Doc. 77). Diaz was named in Counts 1, 2, and 5, which charged various drug and firearm offenses, and Count 4, which included forfeiture allegations. (Id.) Diaz subsequently entered into a plea agreement (Doc. 519) and agreed to plead guilty to a two-count superseding felony information (Doc. 518) charging conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, 21 U.S.C. § 846 (Count 1); and forfeiture of a firearm, 21 U.S.C. § 853 (Count 2). Diaz's plea agreement contained a stipulation by the parties that the

drug weight attributable to Diaz was between 5 and 15 kilograms. (Doc. 519 ¶ 14). The agreement also contained a waiver of rights to direct appeal and collateral review. (Id. ¶ 38). In September 2007, the court accepted Diaz's plea of guilty to the superseding information and ordered preparation of a presentence report. (Docs. 536-37).

Several months later, the government moved to strike the forfeiture allegation in the superseding information because the subject firearm had been "administratively forfeited on June 13, 2007" and thus was unavailable for criminal forfeiture proceedings. (See Doc. 720). The court granted the motion and, as requested by the government, ordered that "all references to a firearm seized from 198 Knollwood, Lancaster, PA on December 12, 2006, are hereby stricken from the Superseding felony information." (Doc. 722).

On November 9, 2009, the court sentenced Diaz to 125 months' imprisonment on Count 1 of the information. (Doc. 1487). Diaz appealed his sentence, but that appeal was summarily dismissed due to the plea agreement's appeal-waiver provision. (See Docs. 1493, 1713). Approximately five years later, Diaz filed a motion to vacate under 28 U.S.C. § 2255, which was likewise denied due to the plea agreement's collateral-review waiver. (See Docs. 1851, 1853).

Diaz then filed a "motion to clarify terms of sentence imposed," seeking to have his federal sentence run concurrently, rather than consecutively, with a prior state sentence. (Doc. 1858). The court denied this motion, finding that the "state and federal prison terms were not ordered to run concurrently" and concluding that Diaz had provided no legal basis for the requested sentence modification. (See

2

Doc. 1859). Diaz moved for reconsideration, (Doc. 1860), which the court also denied, (Doc. 1863). On appeal, the Third Circuit Court of Appeals found that "to the extent that [Diaz's] motion to clarify may be viewed as a second or successive § 2255 motion," a certificate of appealability was required to appeal denial of that motion. (Doc. 1918). The court then construed Diaz's responses as an application for a certificate of appealability and denied that application, as "[j]urists of reason would not debate the question of the District Court's authority to decide an unauthorized, second § 2255 motion." (Id. at 1). Alternatively, if Diaz were seeking relief on an unspecified basis unrelated to Section 2255, the court "summarily affirm[ed]" denial of Diaz's motions for clarification and reconsideration. (Id. at 2).[1]

Undeterred, Diaz filed the instant motion seeking a new sentence, this time purportedly under Federal Rule of Civil Procedure 60(b). (Doc. 1932). In his Rule 60(b) motion, Diaz claims that his Guideline range and resulting sentence were erroneously increased through an inappropriate firearm sentencing enhancement. Diaz's motion is fully briefed and ripe for disposition.

## II. Discussion

Diaz contends that the two-point firearm enhancement under U.S.S.G. § 2D1.1(b)(1) in his presentence report was wrongfully applied and resulted in "approximately 24 months" being added to his sentence. (Doc. 1932 at 4). According to Diaz, this error created "'an extreme and unexpected hardship' which

---

[1] While Diaz's appeal was pending, his sentence was reduced to 103 months pursuant to Amendment 782 to the United States Sentencing Guidelines. (See Docs. 1899, 1903, 1906, 1908).

3

implicates Rule 60(b)(6)." (Id.)  We need not, and indeed cannot, reach the merits of Diaz's Guidelines argument.  His Rule 60(b) motion is merely a disguised second or successive Section 2255 motion, which we have no jurisdiction to entertain.

A motion for relief from final judgment under Federal Rule of Civil Procedure 60(b) may be considered in federal habeas proceedings so long as it is not inconsistent with applicable federal statutes and rules.  Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (citations omitted).  In Gonzalez, the Supreme Court determined that Rule 60(b) motions are not expressly proscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2]  Id.  Rather, courts must determine whether a Rule 60(b) motion, in substance, raises a new habeas claim or attacks a previous federal court resolution of a claim on the merits, or whether it asserts "some defect in the integrity of the federal habeas proceedings." Id. at 532.  If the Rule 60(b) motion falls into the former category, it must be construed as a second or successive habeas application and treated accordingly.  Id. at 531.  If the latter, it can be entertained by the district court without offending the AEDPA's gatekeeping requirements.  Id. at 532-33.

---

[2] While Gonzalez was limited to state prisoners seeking federal habeas relief under 28 U.S.C. § 2254, see Gonzalez, 545 U.S. at 529 n.3, every circuit to consider the issue has extended Gonzalez's holding and rationale regarding Rule 60(b) motions to the 2255 context.  See United States v. Arrington, 763 F.3d 17, 22 (D.C. Cir. 2014); United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013); Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011); United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011); In re Nailor, 487 F.3d 1018, 1022-23 (6th Cir. 2007); United States v. Nelson, 465 F.3d 1145, 1148-49 (10th Cir. 2006); United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005); see also United States v. Donahue, 733 F. App'x 600, 603 n.3 (3d Cir. 2018) (nonprecedential).

The Gonzalez Court provided guidance for differentiating between disguised second or successive habeas applications that advance a "claim" and true Rule 60(b) motions that raise a defect in the integrity of the habeas proceedings:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

Id. at 532 (footnote omitted). The Court also offered several examples of when a movant is not advancing a habeas claim, such as "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 nn.4-5. As the Third Circuit has explained, when a "Rule 60(b) motion attacks the *manner* in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the . . . underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) (emphasis added).

Diaz's motion is easy to classify. Although styled under Rule 60(b), it raises, for the first time, a challenge to his sentence based on an alleged Guidelines error. Such a motion, seeking "to add a new ground for relief," is expressly included in

Gonzalez's examples of habeas applications that advance a "claim." See Gonzalez, 545 U.S. at 532. And because Diaz's Rule 60(b) motion is actually a second or successive Section 2255 motion, for which he has not received Third Circuit authorization to file, this court does not have jurisdiction to entertain it. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) (citation omitted).

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). The Third Circuit can certify a successive Section 2255 motion if the applicant proffers newly discovered evidence showing actual innocence or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Because we harbor sincere doubts as to Diaz's ability to clear Section 2255(h)'s gatekeeping provisions, we do not believe the "interest of justice" warrants transfer. See 28 U.S.C. § 1631. We will accordingly dismiss Diaz's motion. This decision in no way precludes Diaz from filing an application directly with the Third Circuit for leave to file a second or successive Section 2255 motion.

**III.**   **Conclusion**

For the foregoing reasons, we will dismiss Diaz's motion (Doc. 1932) seeking relief under Rule 60(b)—which is actually a second or successive motion under 28 U.S.C. § 2255—for lack of jurisdiction.  We will also deny a certificate of appealability, as Diaz has not made the requisite "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   August 13, 2020